IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | |
|---|---|
| DANIEL DEZAUCHE, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * CV 311-071 |
| | * |
| GEORGE W. BRYCE, JR.; | * |
| SOUTHEAST LIGHT SPORT | * |
| AVIATION, LLC; FLY LIGHT | * |
| SPORT, LLC; EASTMAN | * |
| AVIATION, INC.; and JOHN | * |
| DOES (1-100) individually | * |
| and as members of Aircraft | * |
| Manufacturing & Design, LLC, | * |
| | * |
| Defendants. | * |

**O R D E R**

On July 13, 2011, Plaintiff filed this diversity suit alleging warranty and contract claims arising from the purchase of an airplane. Jury selection and trial is presently scheduled for February 17, 2015. For the reasons set forth herein, the trial assignment is **VACATED** and the matter is **CLOSED** for administrative purposes. Plaintiff may reopen the case when Plaintiff completes his preparation for trial.

Rather than chronicle all of the events relevant to the setting of the trial date, I have appended a select list of docket entries which are important to the present consideration. Most significant is the minute entry of January 20, 2015, relating to a recorded telephone conference with

counsel for the parties which occurred on January 15, 2015 ("the January 15 call"). (Doc. no. 107.)

Counsel are aware that, on June 17, 2014, the Court held a pretrial conference in Dublin, Georgia ("the June 17 conference"), during which the Court addressed a number of inadequacies in the proposed pretrial order. (Doc. no. 94.) The parties informed the Court that they would correct the deficiencies. The Court scheduled another pretrial conference for February 5, 2015. (Doc. no. 104.) Upon Plaintiff's motion to continue the pretrial conference (doc. no. 105), the Court immediately initiated the January 15 call. During the call, the Court raised the same concerns regarding the inadequate pretrial order that the Court had addressed in the June 17 conference. Among the subjects discussed during the January 15 call are the following:

    a. The parties had agreed to meet, consider, and provide such stipulations of fact as were appropriate, but the parties have not filed any stipulations.

    b. The Court directed the parties to confer and jointly file an updated version of the proposed pretrial order addressing the aforementioned concerns prior to January 29, 2015. Defendant dutifully filed an updated pretrial order on that date, but this updated version noticeably lacked participation from Plaintiff.

    c. Plaintiff has offered various theories of damages, but has settled on none. In the consolidated version of the proposed pretrial order, Plaintiff opposed bifurcation of the issues of damages and liabilities. However, in the January

> 15 call, he embraced the prospect of bifurcation for simplification of the issues. Further, Plaintiff has not articulated a clear and succinct theory of damages, the amount thereof, or the method of proof of damages anticipated by Plaintiff.

(<u>Id.</u>) Plaintiff's theory of damages is of paramount importance because Defendants are unlikely to seriously argue that the aircraft was adequate for its intended use and purpose. Plaintiff's theory of damages is also important because Plaintiff seeks to prove that the corporate Defendants are the alter ego of the Defendant George W. Bryce, Jr. The Court concluded during the January 15 call that Plaintiff had not articulated a cogent and clear theory of damages.

An excursion to conduct a jury trial in the Dublin Division is admittedly routine, but not without its logistical requirements. Jurors have been summoned and commanded to appear laying all other business aside. It should be recalled, even underscored, that <u>the responsibility for moving a case forward rests upon Plaintiff and his counsel</u>. Fed. R. Civ. P. 41(b)("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); <u>Bradford v. Carter</u>, 481 F. Appx. 517, 517-18 (11th Cir. 2012)(affirming district court dismissal of civil action with prejudice over plaintiff's objection pursuant to Rule 41(b) where litigation spanned two and a half years and the record otherwise supported

3

dismissal); Calloway v. Perdue Farms, Inc., 313 F. Appx. 246, 249 (11th Cir. 2009)(affirming district court dismissal under Rule 41(b) where plaintiff failed to "avail himself of the multiple chances he was given to go forward with his case" and finding that "lesser sanctions would not have spurred the litigation to its just completion"). Further, a district court possesses inherent power to police its own docket. Mingo v. Sugar Cane Growers Co-op of Florida, 864 F.2d 101, 102 (11th Cir. 1989). "Incident to this power, the judge may impose formal sanctions upon dilatory litigants. The sanctions imposed can range from a simple reprimand to an order dismissing the action with or without prejudice." Id.

The mechanism selected by the Court in this case – namely, vacating the scheduled trial date and closing the case for statistical purposes until Plaintiff has appropriately prepared his case for trial – falls within that range. Plaintiff has had every opportunity to initiate discussions relative to stipulations, clarify the theory of damages, and file an updated proposed pretrial order. I will not convene a jury in Dublin upon the mere expectation that Plaintiff's counsel will reveal further information as to his strategy at or after the time of jury selection. This case is not ready for trial although it is approaching its fourth anniversary of filing.

**UPON THE FOREGOING IT IS HEREBY ORDERED** that the trial assignment earlier scheduled for February 17, 2015 is **VACATED**. The case will be reassigned for trial when Plaintiff completes his preparation and the Court is assured that the matter is ready to proceed to meaningful consideration by a jury summoned for that purpose.

Until the case is reopened upon motion by Plaintiff, the captioned matter is **CLOSED** for all purposes of statistical reporting.

**ORDER ENTERED** at Augusta, Georgia this 6th day of February, 2015.

_____
UNITED STATES DISTRICT JUDGE

# Docket Excerpts
## Dezauche v. Aircraft Manufacturing & Design, LLC et al. (3:11cv 071)

| Filing Date | Docket No. | Document |
|---|---|---|
| 7/13/2011 | 1 | Complaint (Def. George Bryce not named as a defendant) |
| 11/14/2011 | 4 | Amended Complaint (Def. Bryce not named as a defendant) |
| 3/16/2012 | 20 | Order granting Consent Motion to Dismiss Defs. Degonia and Cannon |
| 5/24/2012 | 31 | Second Amended Complaint (Def. Bryce named as a defendant) |
| 11/21/2012 | 51 | Default Judgment entered against Defendants Aircraft Mfg. & Design, Garry Webster and Terry Tiraboschi |
| 10/29/2013 | 68 | Order denying Defs.' Motion for Summ. J. |
| 12/9/2013 | 70 | Order setting Pretrial Conference for 1/14/2014 and Trial Date for 1/21/2014 |
| 12/23/2013 | 72 | Michael Johnson Withdraws as Defs.' Atty |
| 1/8/2014 | | Telephone Conference - to include new defense counsel, Messrs. Smith and Garner |
| 1/9/2014 | 74 | Order resetting Pretrial Conference for 1/21/2014 |
| 1/9/2014 | 75 | Minute Entry regarding Pretrial Conference of 1/8/2014 |
| 3/7/2014 | 78 | Notice of Pretrial Conference for 4/22/2014 |
| 3/12/2014 | 82 | Order and Notice of Pretrial Proceedings |
| 3/13/2014 | 83 | Jury Sel./Trial Assignment set for 6/24/2014 |
| 4/23/2014 | 89 | Jury Sel./Trial Assignment reset for 6/16/2014 |
| 6/12/2014 | 92 | Proposed Pretrial Order (consolidated) |

| Date | Doc # | Description |
|---|---|---|
| 6/17/2014 | | Pretrial Conference in Dublin |
| 6/18/2014 | 93 | Order requiring Disclosure of Will Call Witnesses |
| 6/19/2014 | 94 | Minute Entry regarding Pretrial Conference of 6/17/2014 |
| 6/25/2014 | 95 & 96 | Witness Lists submitted |
| 9/4/2014 | 97 | Jury Sel./Trial Assignment set for 10/28/2014 |
| 9/26/2014 | 99 | Jury Sel./Trial Assignment reset for 10/21/2014 |
| 9/30/2014 | 100 | Pl's Unopposed Motion to Continue Trial |
| 9/30/2014 | 101 | Order granting Motion to Continue |
| 11/3/2014 | 102 | Jury Sel./Trial Assignment set for 2/16/2014 |
| 12/9/2014 | 103 | Jury Sel./Trial Assignment reset for 2/17/2014 (holiday on 16th) |
| 1/7/2015 | 104 | Order and Notice of Pretrial Proceedings [Consolidated Pretrial Order due 1/29/2015; Pretrial Conference set for 2/5/2015] |
| 1/13/2015 | 105 | Consent Motion to Continue Pretrial Conference |
| 1/15/2015 | | Telephone Conference |
| 1/20/2015 | 107 | Minute Entry regarding Pretrial Conference of 1/15/2015 |
| 1/29/2015 | 108 | Proposed Pretrial Order filed by Def. Bryce (consolidated but not updated by Pl.) |