ORIGINAL
FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2015 JUL 23 AM 11:47
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | | |
|---|---|---|
| DANIEL DEZAUCHE, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| GEORGE W. BRYCE, JR.; | * | |
| SOUTHEAST LIGHT SPORT | * | CV 311-071 |
| AVIATION, LLC; FLY LIGHT | * | |
| SPORT, LLC; EASTMAN | * | |
| AVIATION, INC.; and | * | |
| JOHN DOES (1-100) | * | |
| individually and as members | * | |
| of Aircraft Manufacturing & | * | |
| Design, LLC, | * | |
| | * | |
| Defendants. | * | |

O R D E R

Before the Court is Defendants George W. Bryce, Jr., Southeast Light Sport Aviation, LLC, Fly Light Sport, LLC, and Eastman Aviation, Inc.'s ("Defendants") motion to dismiss. (Doc. no. 112.) For the reasons stated herein, the motion is **DENIED**.

I. BACKGROUND

On July 13, 2011, Plaintiff filed this diversity suit alleging warranty and contract claims arising from the purchase of an airplane. On February 6, 2015, the Court vacated the trial assignment scheduled for February 17, 2015. (Doc. no. 109.) The Court ordered that

> [t]he case will be reassigned for trial when Plaintiff completes his preparation and the Court is assured that the matter is ready to proceed to meaningful consideration by a jury summoned for that purpose. Until the case is reopened upon motion by Plaintiff, the captioned matter is **CLOSED** for all purposes of statistical reporting.

(Id.) Three days later, Plaintiff filed a "Motion for Leave to Supplement Proposed Pre-Trial Order With Proposed Comprehensive Trial Stipulations and Statement of Damages and Request for Restoration of Trial Date." (Doc. no. 110.) The Court denied the motion for the reasons set forth in the February 6th Order. (Doc. no. 111.)

On July 6, 2015, citing Federal Rule of Civil Procedure 41(b), Defendants filed a "Motion to Dismiss for Willful Disobedience or Neglect of an Order of This Court and for Failure to Prosecute a Civil Action With Reasonable Promptness." (Doc. no. 112.) Plaintiff responds with details of his efforts to move this case forward since the February 6th Order and argues that a Rule 41(b) dismissal is unwarranted. (Doc. no. 113.) In his response, Plaintiff renews his "Motion for Leave to Supplement the Proposed Pre-trial Order and Motion to Reassign Case for Trial." (Id.) This motion is **GRANTED**.

## II. DISCUSSION

Defendants argue that dismissal with prejudice pursuant

2

to Rule 41(b) is warranted here because Plaintiff has failed to prosecute this action with reasonable promptness. In support of their motion, Defendants provide a detailed procedural history of this case. The Court addressed this issue in the February 6th Order.

> It should be recalled, even underscored, that <u>the responsibility for moving a case forward rests upon Plaintiff and his counsel</u>. Fed. R. Civ. P. 41(b)("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); <u>Bradford v. Carter</u>, 481 F. Appx. 517, 517-18 (11th Cir. 2012)(affirming district court dismissal of civil action with prejudice over plaintiff's objection pursuant to Rule 41(b) where litigation spanned two and a half years and the record otherwise supported dismissal); <u>Calloway v. Perdue Farms, Inc.</u>, 313 F. Appx. 246, 249 (11th Cir. 2009)(affirming district court dismissal under Rule 41(b) where plaintiff failed to "avail himself of the multiple chances he was given to go forward with his case" and finding that "lesser sanctions would not have spurred the litigation to its just completion"). Further, a district court possesses inherent power to police its own docket. <u>Mingo v. Sugar Cane Growers Co-op of Florida</u>, 864 F.2d 101, 102 (11th Cir. 1989). "Incident to this power, the judge may impose formal sanctions upon dilatory litigants. The sanctions imposed can range from a simple reprimand to an order dismissing the action with or without prejudice." <u>Id.</u>
> The mechanism selected by the Court in this case - namely, vacating the scheduled trial date and closing the case for statistical purposes until Plaintiff has appropriately prepared his case for trial - falls within that range.

(Doc. no. 109.) Other than the passage of an additional four months, Defendants present no information or circumstances in their motion to dismiss that were not considered by the Court

3

prior to issuing the February 6th Order. Plaintiff submits copies of numerous electronic communications with Defendants, including proposed stipulations, to support his assertion that his good faith efforts to prepare this case for trial since the February 6 Order have been stymied by Defendants' refusal to communicate and cooperate. The Court concludes that Plaintiff has not engaged in a clear pattern of delay or willful contempt since the February 6th Order and that the lesser sanctions imposed by the Court in that Order were, and remain, sufficient. See Collins v. Lake Helen, L.P., 249 F. Appx. 116, 119 (11th Cir. 2007). Defendants' motion to dismiss is **DENIED**.

As noted, Plaintiff filed a "Renewed Motion for Leave to Supplement the Proposed Pre-trial Order and Motion to Reassign Case for Trial" in conjunction with his response to Defendants' motion to dismiss. It appears that Plaintiff's counsel is, to the extent practicable, ready to proceed to trial.

### III. CONCLUSION

Upon the foregoing, **IT IS HEREBY ORDERED** that Defendants' motion to dismiss (doc. no. 112) is **DENIED**. Plaintiff's "Renewed Motion for Leave to Supplement the Proposed Pre-trial Order and Motion to Reassign Case for Trial" (doc. no. 113) is **GRANTED**.

4

**IT IS FURTHER ORDERED** that this case is re-opened and the Clerk is directed to place the matter in active status until final disposition is attained. The supplement to the proposed pre-trial order shall be filed before the close of business, July 31, 2015. Defendants may file any response thereto by the close of business, August 7, 2015.

Within the next ten days the parties will receive a notice of trial assignment. The trial assignment will be sufficiently *in futuro* to accommodate all foreseeable scheduling necessities. This special setting may be postponed or altered by Providence but not by the presiding judge. The parties and their counsel are so advised.

Finally, this case still proceeds by the cumbersome caption shown above. In the next pleading filed, Plaintiff's counsel is instructed to eliminate all unnecessary names and references so that the caption includes only those genuine parties in interest for or against whom relief is sought consistent with the supplemented pre-trial order. Thereafter, the parties shall use the reformed case caption in all papers and pleadings.

**ORDER ENTERED** at Augusta, Georgia this 23rd day of July, 2015.

*[signature]*
UNITED STATES DISTRICT JUDGE