ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2015 NOV 12 AM 9:53
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | | |
|---|---|---|
| DANIEL DEZAUCHE, | * | |
| Plaintiff, | * | |
| v. | * | CV 311-71 |
| GEORGE W. BRYCE, JR.; SOUTHEAST LIGHT SPORT AVIATION, LLC; FLY LIGHT SPORT, LLC; and EASTMAN AVIATION, INC., | * | |
| Defendants. | * | |

## ORDER

Presently before the Court are Defendants' motion for attorney's fees (doc. no. 148), Defendants' first amended motion for attorney's fees (doc. no. 151), and Plaintiff's emergency motion to strike and/or deny Defendants' motion for attorney's fees (doc. no. 152). For the reasons below, Defendants' motion for attorney's fees is **DENIED AS MOOT**, Defendants' amended motion for attorney's fees is **DENIED**, and Plaintiff's emergency motion to strike is **DENIED AS MOOT**.

Pursuant to Federal Rule of Civil Procedure 54(d), Defendants filed a motion for attorneys' fees on November

1

5, 2015, (doc. no. 148) and later amended that motion on November 9, 2015 (doc. no. 151). Under Rule 54(d), "[u]nless a statute or a court order provides otherwise," a motion for attorneys' fees "must be filed no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B)(i). In this case, Defendants filed its original motion for attorney's fees on November 5, 2015, thirteen days after the fourteen-day window closed. See Fed. R. Civ. P. 6(a); (Doc. no. 147.) However, Defendants contend that their window was actually thirty days in duration given the following provisions of Local Rule 54.2:

> (b) The motion [for attorney's fees] shall be filed pursuant to Federal Rule of Civil Procedure 54(d)(2) with the Clerk of Court and served under Federal Rule of Civil Procedure 5 upon the parties against whom the award is sought.
>
> (c) Within 30 days (or such other period as the Court may prescribe) after entry of the final judgment, the movant shall file and serve a detailed specification and itemization of the requested award, with appropriate affidavits and other supporting documentation.

2

LR 54.2(b)-(c), SDGa. While the Court understands the contentions of the parties, a resolution of this issue is not necessary to resolve the Rule 54 motion.

In addition to its timing requirements, Rule 54(d)(2) also requires that a motion for attorneys' fees "specify the judgment and the statute, rule, or other grounds entitling the movant to the award." Fed. R. Civ. P. 54(d)(2)(B)(ii). Here, Defendants have not cited to any authority that would authorize a Rule 54 award of attorneys' fees. Instead, Defendants base their motion on Plaintiff's "tenuous legal theory," Defendants' "unnecessary and repeated preparation," and Plaintiff's "deficient . . . judgment and execution." (Doc. no. 148.) Therefore, as the Court itself knows of no grounds that entitle Defendants to attorneys' fees, Defendants' Rule 54(d) motion is denied.

Yet, with its amended motion and pursuant to Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927, Defendants also seek attorney's fees against Plaintiff's counsel, Donald Andersen, and against Mr. Andersen's firm, Taylor English Duma, LLP. According to Rule 11, "[a] motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates

3

Rule 11(b)." Fed. R. Civ. P. 11(c)(2). Even in its amended state, Defendants' motion does not fulfill either of these requirements. First, Defendants' Rule 11 motion was brought alongside Rule 54 and 28 U.S.C. § 1927 motions. Second, "the inexplicable actions of counsel in the bringing and pursuit of specious claims against Defendants" is not a specific description of sanctionable conduct. (Doc. no. 151.)

Under 28 U.S.C. § 1927, "[a]ny attorney . . . who so multiples the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Although the evidence that Plaintiff submitted at trial was insufficient to survive Defendants' motion for judgment as a matter of law, Plaintiff's inability to obtain a jury verdict does not itself indicate that Plaintiff's counsel "unreasonably and vexatiously" multiplied the proceedings. At the very least, Plaintiff's survival of Defendants' summary judgment motion (doc. no. 68) indicates that his demand for a jury trial was reasonable.

For these reasons, Defendants' motion for attorney's fees (doc. no. 148) is **DENIED AS MOOT**, Defendants' amended motion for attorney's fees (doc. no. 151) is **DENIED,** and Plaintiff's emergency motion to strike Defendants' motion (doc. no. 152) is **DENIED AS MOOT**.

**ORDER ENTERED** at Augusta, Georgia, this 12th day of November, 2015.

_____
UNITED STATES DISTRICT JUDGE